UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

KELLI DIANN AUSTIN,

Defendant.

**INDICTMENT**

26 Cr. 77

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

1. From at least in or about June 2020 through at least in or about July 2021, in the Southern District of New York and elsewhere, KELLI DIANN AUSTIN, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2. It was a part and an object of the conspiracy that KELLI DIANN AUSTIN, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, AUSTIN and others agreed to engage in a scheme to obtain loans from various financial institutions guaranteed by the U.S. Small Business Administration ("SBA"),

through the SBA's Paycheck Protection Program ("PPP"), by submitting fraudulent applications for PPP loans and using the loan proceeds for unauthorized purposes, and they engaged in and caused others to engage in telephone calls, the review and approval of loan applications, and wire transfers in the Southern District of New York, and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

**COUNT TWO**
**(Wire Fraud)**

The Grand Jury further charges:

3. From at least in or about June 2020 through at least in or about July 2021, in the Southern District of New York and elsewhere, KELLI DIANN AUSTIN, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, AUSTIN obtained loans from various financial institutions guaranteed by the SBA, through the SBA's PPP, by submitting fraudulent applications for PPP loans, and engaged in and caused others to engage in telephone calls, the review and approval of loan applications, and wire transfers in the Southern District of New York, and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATION**

4. As a result of committing the offense alleged in Counts One and Two of this Indictment, KELLI DIANN AUSTIN, the defendant, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a. real property located at [redacted] Ann Arbor, Michigan;

b. a silver 2021 Mercedes Benz E350W with Vehicle Identification Number ("VIN") W1KZF8DB9MA958186;

c. a silver 2021 Mercedes Benz GLS450W4 with VIN 4JGFF5KE5MA423294; and

d. a white 2021 Mercedes Benz GLS450W4 with VIN 4JGFFKE0MA432677.

**<u>Substitute Assets Provision</u>**

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

[redacted]
FOREPERSON

JAY CLAYTON
United States Attorney